# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| AMBROSIO VILLAGRANA, | ) | 1:06-cv-01797-OWW-TAG  HC |
| Petitioner, | ) ) | |
| v. | ) ) ) | FINDINGS AND RECOMMENDATIONS REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| ADAMS, Warden, | ) ) ) | ORDER TO FILE OBJECTIONS WITHIN TWENTY DAYS |
| Respondent. | ) ) | (Doc. 1) |

    Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    On December 11, 2006, Petitioner filed a petition for writ of habeas corpus in this Court. (Doc. 1). In that petition, Petitioner alleges that Respondent has refused Petitioner's requests to be placed on "inactive" status regarding his prison gang association activities and that Respondent has used an improper "laundry list" of names to determine whether an inmate should be classified as an "associate" of a particular prison gang. (Id.).

## DISCUSSION

    Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C.

1  § 2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the "legality
2  or duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991)(quoting
3  Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)); Advisory Committee Notes to Rule 1 of the
4  Rules Governing Section 2254 Cases.   In contrast, a civil rights action pursuant to 42 U.S.C.
5  § 1983 is the proper method for a prisoner to challenge the conditions of that confinement.
6  McCarthy v. Bronson, 500 U.S. 136, 141-142 (1991);  Preiser, 411 U.S. at 499; Badea, 931 F.2d
7  at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.
8       In this case, Petitioner complains that Respondent has, through the use of a "laundry list"
9  of names, improperly classified him as an active gang "associate" and, moreover, has refused his
10 requests to re-classify him as "inactive."   As a result of Respondent's actions, Petitioner has not
11 been placed in a less restrictive housing unit.  (Doc. 1, p. 4).  Petitioner is thus challenging the
12 conditions of his confinement, not the fact or duration of that confinement.  Therefore, Petitioner
13 is not entitled to habeas corpus relief, and the petition must be dismissed.  Should Petitioner wish
14 to pursue his claims, Petitioner must do so by way of a civil rights complaint pursuant to
15 42 U.S.C. § 1983.

**RECOMMENDATIONS**

17       Accordingly, the Court RECOMMENDS:
18       1. That the petition for writ of habeas corpus (Doc. 1), be DISMISSED because the
19          petition does not allege grounds that would entitle Petitioner to habeas corpus relief; and,
20       2. That the Clerk of Court be DIRECTED to send Petitioner the standard form for claims
21          pursuant to 42 U.S.C. § 1983.
22       These Findings and Recommendations are submitted to the United States District Judge
23 assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of
24 the Local Rules of Practice for the United States District Court, Eastern District of California.
25 Within twenty (20) days after being served with a copy, any party may file written objections
26 with the court and serve a copy on all parties.  Such a document should be captioned "Objections
27 to Magistrate Judge's Findings and Recommendations."  The District Judge will then review the
28 Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that

failure to file objections within the specified time may waive the right to appeal the District Judge's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **December 6, 2007**              **/s/ Theresa A. Goldner**
                                         UNITED STATES MAGISTRATE JUDGE