FILED

NOV 20 2008

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
         DEPUTY CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMBROSIO VILLAGRANA, <br><br> Petitioner, <br><br> v. <br><br> ADAMS, Warden, <br><br> Respondent. | 1:06-cv-01797-OWW-TAG HC <br><br> ORDER GRANTING PETITIONER'S MOTION TO FILE AMENDED PETITION (Doc. 9) <br><br> ORDER TO FILE AMENDED PETITION WITHIN THIRTY DAYS |

Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On December 11, 2006, Petitioner filed a petition for writ of habeas corpus in this Court. (Doc. 1). In that petition, Petitioner challenges his gang affiliation status "and/or segregation." (Id.). Petitioner alleges that Respondent has refused Petitioner's requests to be placed on "inactive" status regarding his prison gang association activities and that Respondent has used an improper "laundry list" of names to determine whether an inmate should be classified as an "associate" of a particular prison gang. (Id.).

On December 6, 2007, the Magistrate Judge issued findings and recommendations to dismiss the petition on the grounds that Petitioner had not alleged a cognizable habeas claim that challenged the fact or execution of Petitioner's sentence, but rather stated a claim for a violation of Petitioner's civil rights pursuant to 42 U.S.C. §1983. (Doc. 8). The findings and recommendations gave Petitioner twenty days within which to file objections.

1

1    On January 2, 2008, Petitioner filed his objections. (Doc. 9). In his objections, Petitioner, for the first time, alleged that he has been housed in administration segregation since December 8, 1995, that his administrative segregation status is indefinite, and that on at least two occasions, the fact of his administrative segregation status had a negative effect on Respondent's decision to deny parole to Petitioner. (Id., pp. 1, 3). In his objections, Petitioner indicated that "if [Petitioner] is permitted to amend the petition he will present sufficient facts to show his indefinite administrative segregation is affecting the duration of his sentence." (Id., p. 2).

On March 3, 2008, the District Judge adopted the Magistrate Judge's findings and recommendations, entered judgment against Petitioner, and dismissed the petition. (Docs. 10 & 11). On March 21, 2008, Petitioner filed his notice of appeal from the judgment of dismissal. (Doc. 13). On November 4, 2008, the Ninth Circuit summarily reversed the Court, noting that in his objections, Petitioner had "sought leave to amend his habeas petition to allege additional facts to demonstrate that his placement in administrative segregation 'is affecting the duration of his sentence.'" (Doc. 20). The Court remanded the case to this Court "to address the issue of whether [Petitioner's] allegations regarding his parole status state a claim for relief under 28 U.S.C. § 2254." (Id.).

## DISCUSSION

A petitioner may amend a petition for writ of habeas corpus once "as a matter of course," and without leave of Court, before a response has been served, or within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar, under Federal Rule of Civil Procedure 15(a)(1), as applied to habeas corpus actions pursuant to 28 U.S.C. § 2242 and Rule 11 of the Rules Governing Section 2254 Cases. Calderon v. United States District Court (Thomas), 144 F.3d 618, 620 (9th Cir. 1998); Bonn v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). Leave of Court or the opposing party's written consent is required for all other amendments. Fed. R. Civ. P. 15(a)(2).

Here, in Petitioner's objections he contends that "if he is permitted to amend the petition he will present sufficient facts to show his indefinite administrative segregation is affecting the duration of his sentence." (Doc. 9, p. 2). Rule 7(b) of the Federal Rules of Civil Procedure

provides in part that "[a] request for a court order must be made by motion." Fed. R. Civ. P. 7(b)(1). (Emphasis supplied). The motion must be in writing unless made during a hearing or trial, state with particularity the grounds for seeking the order, and state the relief sought. Id. The Ninth Circuit has already construed Petitioner's objections to contain an implicit motion to amend the petition, so it is unnecessary for the Court to determine whether Petitioner has met the requirements of Rule 7(b) regarding making an explicit motion to amend the petition.[1]

Construing Petitioner's request as a motion to amend the petition, and applying the principles discussed above relating to Rule 15, Petitioner's motion to amend the petition should be granted because no responsive pleading had been filed.

## ORDER

Accordingly, it is HEREBY ORDERED:

1)  Petitioner's motion to amend, set forth in his objections to the Magistrate Judge's findings and recommendations of December 6, 2007 (Doc. 9), is GRANTED. Petitioner SHALL file an amended petition within thirty (30) days of the date of service of this order. The amended petition should be clearly and boldly titled "AMENDED PETITION," contain the appropriate case number, and be an original signed under penalty of perjury. Petitioner is advised that the form petition must set forth all claims for relief, including the facts and arguments in support of those claims. Specifically, Petitioner must allege facts sufficient to state a federal habeas claim, including facts showing that Petitioner's continued confinement in administrative segregation has some effect on the length or execution of his sentence. Petitioner should also note that every pleading to which an amendment is permitted must be retyped or rewritten and filed so that it is complete in itself without reference to the prior or superseded pleading. Local

---

[1] The Court, however, strongly suggests that, in the future, if Petitioner wishes to obtain relief from this Court, he should comply with the requirements of Rule 7(b) by filing a separate motion. Including his request for relief in the body of another document, without specifically designating the motion as such, makes it extremely difficult for the Court to distinguish between when Petitioner is attempting to make a formal motion pursuant to Rule 7(b), and when he is simply making an observation, suggestion, or argument.

Rule 15-220.

2) The Clerk of Court is DIRECTED to send Petitioner a blank form petition for federal prisoners filing pursuant to § 2254.

Petitioner is forewarned that his failure to comply with this order may result in findings and recommendations recommending that the petition be dismissed pursuant to Local Rule 11-110.

THERESA A. GOLDNER

Dated: November 19, 2008

Honorable Theresa A. Goldner
United States Magistrate Judge

4